UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESTERN WORLD INSURANCE
COMPANY, a New Hampshire
corporation,

        Plaintiff,                        CASE NO. 05-71593
                                         PAUL D. BORMAN
                                         UNITED STATES DISTRICT JUDGE

v.

EASTSIDE COMMUNITY RESOURCE
CENTER, a Michigan corporation, and
KIMBERLY RAGLAND, by and through
her Guardian and Next Friend, Ida Ragland,

        Defendants.
_____/

**ORDER GRANTING AL BOURDEAU INSURANCE SERVICE, INC.'S
MOTION TO INTERVENE AS PARTY DEFENDANT**

I.      BACKGROUND

Movant Al Bourdeau Insurance Service, Inc. ("Bourdeau"), has filed the instant Motion

to Intervene, seeking to join in the declaratory judgment action as a defendant in this matter.

This declaratory judgment action was filed by Plaintiff Western World Insurance Company

("Western World") to determine whether coverage exists under an insurance policy issued by

Western World to Defendant Eastside Community Resource Center ("Eastside") for certain

claims made by Defendant Kimberly Ragland against Eastside.

In its motion, Bourdeau states that Defendant Eastside and non-party Non-Profit

Housing Corporation have filed a negligence action against Bourdeau, which is pending in the

Wayne County Circuit Court.  In said lawsuit, Eastside alleges that:

> If it is determined that the Western World policy affords no coverage for the Ragland action, then Bourdeau, through its agents and/or employees, will have breached the duties it owed Eastside by failing to advise Eastside about appropriate insurance coverage and by failing to procure adequate insurance coverage for Eastside.

> If it is determined that the Western World policy affords no coverage for the Ragland action, Bourdeau's negligent acts will have proximately caused Eastside's injury in that Eastside is incurring costs in relation to being forced to defend Western World's declaratory judgment action.

(Eastside Compl. ¶ 35).

Bourdeau first argues that it may intervene in this action as a matter of right.  Bourdeau contends that it has a substantial legal interest in the issues pending before this court: if the Court decides that coverage exists under the Western World policy for the Ragland claims against Eastside, then the claim that Eastside has advanced against Bourdeau will be without merit and moot.  Bourdeau further alleges that its ability to protect its interest in the absence of intervention will be impaired in that it will not have an opportunity to address or contest the insurance coverage issues that it claims bear upon its liability to Eastside.

Alternatively, Bourdeau argues that permissive intervention is appropriate because the coverage issues present in both cases and the Eastside case against Bourdeau involve common questions of law and fact.  Bourdeau states that this is so because its main defense in the Wayne County case will be that there is coverage under the Western World policy for the Ragland claims.

Western World opposes Bourdeau's intervention, arguing first that the motion is untimely because this matter was filed in April of 2005.  Western World further argues that Bourdeau does not have a substantial legal interest in this case, because it is neither a party to the contract at issue in this action, nor is it a party to the underlying personal injury lawsuit filed by

Ragland in state court.  As such, Western World states that there is not a sufficient nexus

between Bourdeau and the parties to the declaratory judgment action.  Western World finally

contends that no substantial legal interest will be impaired if intervention is denied.  Because the

current defendants are represented by Dykema Gossett and Fieger, Fieger, Kenney & Johnson,

Western World states that these law firms are both zealous and capable advocates for the

defendants already involved in this litigation.

II.     INTERVENTION AS A MATTER OF RIGHT

Federal Rule of Civil Procedure 24 states, in pertinent part:

a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

. . .

(c) Procedure. A person desiring to intervene shall serve a motion to intervene upon the parties . . . The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which the intervention is sought. . .

The Sixth Circuit has determined that under Rule 24(a), there are four elements which must be

satisfied before an intervention as of right will be permitted:

(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court.

*Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (citing *Cuyahoga Valley*

*Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir. 1993)).

Western World argues that Bourdeau's intervention is not timely because this action was

filed in April of 2005.  However, Bourdeau indicates that this motion was filed in response to

3

new allegations in Eastside's state court negligence action against Bourdeau, which was filed less than 45 days prior to the instant motion. Therefore, the Court finds that this motion was brought in a timely manner.

Next, Western World challenges Bourdeau's substantial legal interest in the proceedings, stating that it is not a party to any suit other than the one filed by Eastside in state court. Nevertheless, Eastside's suit against Bourdeau maintains that Bourdeau was negligent in its handling of the insurance claim involved in the instant declaratory action. While this negligence does not necessarily go to the question of whether coverage exists under the insurance policy issued by Western World, Bourdeau is advancing the argument that a valid claim exists. This allegation is in direct contravention to what Eastside has contended in the instant action. Bourdeau, because of the currently pending lawsuit filed against it by Eastside, has a substantial interest in whether a policy existed because if the Court answers that question in the negative, then Bourdeau will be exposed to significant monetary liability.

Moreover, the defendants currently involved in this action do not have Bourdeau's same interests in this litigation. This is highlighted by the fact that Eastside is suing Bourdeau in state court, and Eastside and Bourdeau have advanced opposite arguments as to the existence of any policy. In addition, Defendant Ragland has sued Western World for recovery on the alleged insurance policy, and is likely indifferent as to who pays the judgment so long as she is able to recover in the event her claim is successful. Bourdeau, in contrast, has a valid interest in avoiding the payment of any such judgment, and from the facts alleged in the Eastside complaint, was intimately involved in the decision to provide coverage to Western World.

Accordingly, the Court finds that Bourdeau may intervene as a party defendant in this action as a matter of right.

III.     PERMISSIVE INTERVENTION

4

The Court also finds that Bourdeau is entitled to permissive intervention in the instant action.  Federal Rule of Civil Procedure 24(b) states, in pertinent part:

> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

As noted above, the issue of whether there is coverage under the Western World policy for the Ragland claims is present in both the instant case as well as Eastside's case against Bourdeau. Thus, the Court finds that there are common questions of law and fact in Bourdeau's claim and the main action.  Although the negligence of Bourdeau is not in issue, Bourdeau was part of the application process surrounding the issuance of the insurance contract.  *Cf. Redland Ins. Co. v. Chillingsworth Venture*, 171 F.R.D. 206, 208 (N.D. Ohio 1997); *Trinity Universal Ins. Co. v. Turner Funeral Home*, Case No. 02-cv-231, 2003 U.S. Dist. LEXIS 22106 (E.D. Tenn. Sept. 18, 2003) (unpublished) (denying movant permissive intervention and specifically noting that movant was not involved in the application process).

Accordingly, the Court finds that Bourdeau is entitled to permissive intervention in the instant action.

**SO ORDERED.**

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 18, 2006

CERTIFICATE OF SERVICE
Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 18, 2006.

S/Jonie Parker
Case Manager